IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | No. 3:14-cr-00340-K-5 |
| | § | |
| LARRY SOLOMON, | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Larry Solomon's motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A) [Dkt. No. 901], and the government's sealed response [Dkt. No. 908.] For the reasons explained below, because Solomon has shown an extraordinary and compelling reason for a reduced sentence, and because the Court finds that no component of the applicable factors under 18 U.S.C. § 3553(a) renders inadequate a reduced sentence of time served, the Court **GRANTS** the motion, **REDUCES** Solomon's sentence to time served, and **ORDERS** that he be immediately released from custody under the previously imposed conditions of supervised release.

I.     **BACKGROUND**

Solomon pleaded guilty to (1) conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951(a) (Hobbs Act robbery) (Count One); and (2) using, carrying, and brandishing a firearm during and in relation to and possessing and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Two). *See* Dkt. No. 445. On February 7, 2018, he received

forty-six months' imprisonment on Count One and eighty-four months' imprisonment on Count Two, with the two terms to run consecutively and with credit for time served back to March 30, 2016. *Id.* He did not appeal the judgment.

He did file a motion to vacate his sentence under 28 U.S.C. § 2255, arguing that his § 924(c) conviction could not stand in light of *United States v. Davis*, 139 S. Ct. 2319 (2019), in which the Supreme Court held that the "residual clause" found in § 924(c)(3)(B)—pursuant to which his § 924(c) conviction was premised—is unconstitutionally vague. *See Solomon v. United States*, 3:22-cv-00944-K, Dkt. No. 6 (N.D. Tex. 2022). But the Court denied Solomon's § 2255 motion as untimely. *See id.*

Solomon then filed this motion for a sentence reduction on October 3, 2022. Dkt. No. 901. He argues that his sentence should be reduced because he would not have received a § 924(c) conviction if he were sentenced today, because of his family circumstances, and because of his rehabilitation efforts. *See id.* The Government filed a response arguing that Solomon's motion should be denied. *See* Dkt. No. 908.

## II. LEGAL STANDARDS

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c).

Under § 3582(c)(1)(A) as amended by the First Step Act (the FSA), however, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and

2

compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting § 3582(c)(1)(A)(i)); *see id.* at 693 n.1.

Congress failed to define "extraordinary and compelling reasons" in this context, leaving "that task to the Sentencing Commission, though Congress did insist that '[r]ehabilitation of the [prisoner] alone' cannot justify a reduced sentence." *United States v. Jackson*, 27 F.4th 1088, 1090 (5th Cir. 2022) (quoting 28 U.S.C. § 994(t); citing *United States v. Shkambi*, 993 F.3d 388, 390-91 (5th Cir. 2021)).

And the United States Court of Appeals for the Fifth Circuit recently clarified "that a prisoner cannot use § 3582(c) to challenge the legality or the duration of his sentence," holding that, "[b]ecause [the federal prisoner's] claims would have been cognizable under [28 U.S.C.] § 2255, they are not cognizable under § 3582(c)." *United States v. Escajeda*, 58 F.4th 184, 187-88 (5th Cir. 2023).

A reduction under § 3582(c) also "must be 'consistent with applicable policy statements issued by the Sentencing Commission.'" *Jackson*, 27 F.4th at 1089 (quoting § 3582(c)(1)(A)). And through its commentary to U.S.S.G. § 1B1.13, the Sentencing Commission "'articulate[s] four categories of 'extraordinary and compelling reasons' that could warrant a sentence reduction: (A) medical conditions of the defendant; (B) age of the defendant; (C) family circumstances; and (D) other reasons' identified by the Bureau [of Prisons] Director." *Id.* at 1090 (quoting *Shkambi,* 993 F.3d at 391 (citing, in turn, U.S.S.G. § 1B1.13 cmt. n.1)).

3

"[T]he Commission apparently did not anticipate that Congress would allow prisoners to file compassionate-release motions," however, as § 1B1.13 "repeatedly states that it governs *the Bureau's* compassionate release motions." *Id.* (citing *Shkambi*, 993 F.3d at 392). Consequently, "§ 1B1.13 is not an 'applicable policy statement' to compassionate release motions filed by prisoners, [so] 'neither the policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582.'" *United States v. Cooper*, 996 F.3d 282, 288 (5th Cir. 2021) (quoting *Shkambi*, 993 F.3d at 392-93); *see also United States v. Rodriguez*, 27 F.4th 1097, 1099-1100 (5th Cir. 2022) ("There is little developed guidance on what constitutes extraordinary and compelling reasons for a sentence reduction because neither § 3582 nor the Guidelines fully define or limit those reasons." (citing *Shkambi*, 993 F.3d at 391-92)).

"Even so, Section 1B1.13 may 'inform [ ]' the district court's analysis." *Jackson*, 27 F.4th at 1090 (quoting *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) (citing, in turn, *United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) (per curiam))); *see also United States v. Rucker*, No. 21-40204, 2021 WL 5627064, at *1 (5th Cir. Nov. 30, 2021) (per curiam) ("Reliance on § 1B1.13 merely as guidance [is] not error." (citing *Thompson*, 984 F.3d at 433)).

And, if a defendant does proffer a reason for a reduction that the Court—no longer bound by § 1B1.3—finds to be extraordinary and compelling, that alone is not a basis to reduce a sentence. The defendant still must convince the Court "to exercise discretion to grant the motion for compassionate release after considering the Section

4

3553(a) factors." *Ward v. United States*, 11 F.4th 354, 361 (5th Cir. 2021) (cleaned up; quoting *Shkambi*, 993 F.3d at 392). *Cf. Thompson*, 984 F.3d at 433 & n.2 (affirming denial of compassionate release motion just on the district court's determination that no extraordinary and compelling reasons warranted release).

### III.   DISCUSSION

Before a defendant may bring his own motion, the FSA, "in clear language, specifies" that "a defendant must submit a request to 'the Bureau of Prisons to bring a motion on the defendant's behalf.'" *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020) (quoting § 3582(c)(1)(A)). This "prefiling administrative exhaustion requirement is not jurisdictional, but it is a mandatory claim-processing rule." *United States v. Harmon*, 834 F. App'x 101, 101-02 (5th Cir. 2021) (per curiam) (citing *Franco*, 973 F.3d at 467-68). So, if "the Government properly raise[s] the rule requiring exhaustion in the district court, 'the court *must* enforce the rule.'" *Id.* at 102 (quoting *Franco*, 973 F.3d at 468; emphasis by *Franco*). Here, the Government does not raise the rule. *See* Dkt. No. 908. Therefore, the Court will consider the merits of Solomon's motion.

### a. Extraordinary and Compelling Reason for a Sentence Reduction

Solomon argues that pursuant to *United States v. Davis*,—U.S.—, 139 S. Ct. 2319, 204 L.Ed.2d 757 (2019), he would not have been convicted and sentenced under 18 U.S.C. § 924(c) if he were sentenced today and that this amounts to an

extraordinary and compelling reason for a sentence reduction. *See* Dkt. No. 901 at 3. The Court agrees.

Section 924(c) subjects to criminal liability "any person who, during and in relation to any crime of violence…uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." Section 924(c) provides two definitions of "crime of violence." The first, the so-called "elements clause," defines a crime of violence as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). The second, the "residual clause," defines a crime of violence as a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* § 924(c)(3)(B).

But, in *Davis*, the Supreme Court found the "residual clause" to be unconstitutionally vague. *Davis*, 139 S. Ct. at 2323-34.

Here, Solomon's predicate offense—the purported "crime of violence" justifying a § 924(c) conviction—was conspiracy to commit Hobbs Act robbery. In *United States v. Reece*, 938 F.3d 630 (5th Cir. 2019), the Fifth Circuit determined that a conspiracy is not an "elements clause" crime under § 924(c). *See id.* at 636. That means that Solomon was convicted under the since-rebuked "residual clause." *See, e.g.*, *Houston v. United States*, No. 3:19-cv-02040-N (BT), 2022 WL 1129908, at *3 (N.D. Tex. Mar. 16, 2022), *rec. accepted* 2022 WL 1128726 (N.D. Tex. Apr. 15, 2022) (noting that "conspiracy to commit Hobbs Act robbery does not qualify as a crime of violence under

6

§ 924(c))"; citing *United States v. Lewis*, 907 F.3d 891, 895 (5th Cir. 2018); *Reece*, 938 F.3d at 636 n.9).

This Court—joining other federal courts—has previously concluded that watershed changes in sentencing law may constitute an extraordinary and compelling reason to pass through § 3582(c)(1)(A)'s first gate. *See, e.g.*, *United States v. Redmond*, No. 3:03-CR-377-K-1, 2023 WL 1110312, at *4 (N.D. Tex. Jan. 30, 2023) (concluding that non-retroactive changes to the First Step Act that eliminated so-called "stacked" § 924(c) sentences were an extraordinary and compelling circumstance for sentence reduction); citing *United States v. Perkins*, No. 97-cr-55-K-21, 2023 WL 158910 (N.D. Tex. Jan. 11, 2023) (collecting cases); *see also, e.g.*, *United States v. Rainwater*, No. 3:940CR-042-D(1), 2021 WL 1610153, at *1-2 (N.D. Tex. Apr. 26, 2021). The Court determined in those cases that sentences that are grossly disproportionate to what defendants would get if they were sentenced today can be "facially unjust," and a reason for a sentence reduction under § 3582(c)(1).

Under the specific facts of this case, the Court concludes that the jurisprudential rebuke of § 924(c)'s elements clause, as applied to Solomon, is an extraordinary and compelling circumstance. Were he sentenced today, he would not receive an eighty-four-month sentence under § 924(c). And he has already served the forty-six-month sentence the Court found appropriate for the conspiracy conviction…and then some. Indeed, even were the Court to look at the upper level of the Guidelines sentencing range for the conspiracy violation instead of what Solomon received, that upper level

7

was eighty-seven months (Dkt. No. 439), and Solomon has served more than eighty-four months as of the date of this order.

Further, the Court does not believe that Fifth Circuit's recent decision in *United States v. McMaryion*,---F.4th---, 2023 WL 2658434 (5th Cir. Mar. 28, 2023) mandates a different conclusion. There, the court held that non-retroactive statutory changes to the First Step Act reducing the statutory minimums applicable to the defendant's offense were not an extraordinary and compelling reason for a sentence reduction. *See McMaryion*, 2023 WL 2658434, at *1. In reaching that determination, the court relied on the fact that non-retroactive sentencing changes are the norm and are therefore not extraordinary. *See id.* (citing *Dorsey v. United States*, 567 U.S. 260, 280 (2012)). The court also noted that it would be inappropriate to usurp legislative prerogative to make the amendments to the First Step Act retroactive where Congress explicitly declined to do that. *See id.* (citing *United States v. Wiltberger*, 18 U.S. (5 Wheat.) 76, 95, 5 L.Ed. 37 (1820)).

Solomon's case is different. The sentencing change at issue is jurisprudential and has been explicitly found to be retroactive on collateral review. Thus, this is not the normal case involving a non-retroactive change to a criminal sentencing law. Further, because the change in law is jurisprudential, the separation of powers concerns identified in *McMaryion* are absent. *McMaryion* does not preclude a finding of an extraordinary and compelling circumstance in this case.

Next, the Government argues that *Escajeda* compels the Court to reject a sentence reduction because Solomon's claim is cognizable in collateral review through a motion to vacate sentence under 28 U.S.C. § 2255. The Court would agree if Solomon was claiming that his § 924(c) sentence violates the Constitution. But Solomon is not claiming, at least in this motion, that his § 924(c) sentence is illegal. He is saying that it is unjust—and an extraordinary and compelling reason for release—that he must discharge an eighty-four-month sentence that he would not have received were he sentenced today. This disparity is, according to Solomon, the extraordinary and compelling reason for a sentence reduction. And the Court agrees.

b. **Sentencing Factors**

Because, under the specific facts of this case, there are extraordinary and compelling reasons for a sentence reduction, the Court next considers whether it should exercise its discretion to reduce his sentence bearing in mind the applicable § 3553(a) factors. The Court has carefully reviewed the record and the evidence, and, after doing so, the Court finds that none of the § 3553(a) factors render inadequate a reduction of Solomon's custodial sentence to time served.

Solomon, no doubt, committed a serious crime. But he has now served a sentence nearly forty months longer than the forty-six months the Court found appropriate for the Hobbs Act conspiracy, which is the only sentence he would have received were he sentenced today.

9

So, in evaluating the § 3553(a) factors, the Court has considered this very strong reason to reduce Solomon's sentence to time served. The Court has considered all the applicable factors—in particular, the sixth factor, "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," § 3553(a)(6), and the first two: "(1) the nature and circumstances of the offense and history and characteristics of the defendant" and (2) the need for the sentence imposed," specifically "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," § 3553(a)—and the Court finds that no component of the various factors now applicable renders inadequate the reduced sentence the Court now imposes: time served. Again, though Solomon committed a serious crime, and though he has an extensive criminal history, the Court finds that the more-than-eighty-months he has now served (which essentially matches the high end of his Guidelines sentencing range for the conspiracy conviction) is sufficient to demonstrate the need for deterrence, public safety, and respect for the law. Moreover, Solomon has made many commendable attempts to better himself while incarcerated through vocational and rehabilitative programs. *See* Dkt. No. 901 at 8-17. A sentence should be "sufficient, but not greater than necessary." *See* 18 U.S.C. § 3553(a). Therefore, the § 3553(a) factors weigh in favor of reducing Solomon's sentence.

In sum, after considering the totality of the circumstances, the Court that finds Solomon has shown extraordinary and compelling reasons that justify a reduced

sentence under § 3582(c)(1)(A). The Court also finds that his release from imprisonment will not a pose a danger to the safety of any other person or the community and does not undermine the statutory purposes of sentencing. Last, the § 3553(a) factors support a sentence reduction in Solomon's case.

## IV.  CONCLUSION

For the foregoing reasons, The Court **GRANTS** Solomon's request for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) [Dkt. No. 901], **REDUCES** his sentence to time served, and **ORDERS** that he be immediately released from custody under the previously imposed conditions of supervised release. *See* Dkt. No. 445.

**SO ORDERED**

Signed April 11th, 2023.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE